UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

THOMAS LEANO,

----------------------------------------------------------X

**MEMORANDUM & ORDER**
04 CR 1097 (DRH)

**HURLEY, Senior District Judge:**

On September 20, 2005, defendant Thomas Leano pled guilty before this Court to a charge of distribution and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On April 21, 2006, this Court sentenced defendant to a term of 108 months imprisonment, to be followed by three years of supervised release. Presently before the Court is a motion by defendant seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government has filed a written response opposing any such reduction. For the reasons set forth below, defendant's motion is denied.

*I.     Background*

The Presentence Investigation Report ("PSR") set forth that defendant was held accountable for 62 grams of cocaine base, which resulted in a base offense level of 30. (PSR ¶ 61.) During the sentencing hearing, however, the government stated that, based on its review of wiretapped conversations, the amount of cocaine base that it could actually attribute to defendant, were it to proceed to a *Fatico* hearing, would be 20 grams. (Tr. at 14-17.)[1] This amount of cocaine base, on its own, would have resulted in a base offense level of 28. (*Id.* at 16.)

---

[1] "Tr." refers to the transcript of the April 21, 2006 sentencing hearing.

Defendant's offense level was, however, raised to 32 based upon his classification as a "career offender" pursuant to Guideline § 4B1.1(b)(C). (*See* PSR ¶ 67.) Defendant then received a three-level reduction for acceptance of responsibility pursuant to Guideline § 3E1.1(a) and (b), thereby reducing his total offense level to 29. (*See id.* ¶ 68.) Defendant also received an additional one-level reduction for a global disposition of the case. (Tr. at 19.) Thus, defendant's total offense level was 28 and, with a Criminal History Category of VI, the advisory guideline range was 140-175 months incarceration.

The Court, however, after considering all of the factors set forth in 18 U.S.C. § 3553(a) (Tr. at 17, 29), decided to impose a sentence outside the advisory guideline range, concluding that a period of incarceration of 108 months, to be followed by a term of three years supervised release, was appropriate "under all the circumstances and no more onerous than is necessary to adequately and satisfactorily address the reason that penal sanctions are employed" (*see id.* at 34).

## *II. The Parties' Contentions*

Defendant contends that, by virtue of Amendments 706 and 713 to the Guidelines (collectively, the "crack cocaine amendments"),[2] he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Defendant asserts that the Court departed from the career offender guideline sentencing range "because his career offender status and guideline range overstated defendant's criminal history," and actually sentenced him based on the "crack guideline range for 20 grams of cocaine base." (Reply at 2.) Defendant further contends that because the

---

[2] See U.S.S.G. App. C. Amend. 706 (effective Nov. 1, 2007); U.S.S.G. App. C. Amend. 713 (effective Mar. 3, 2008).

2

government could attribute only 20 grams of cocaine base to him, the Court should "start" at a base offense level of 26, and reduce that by four levels (three for acceptance of responsibility and one for the global plea), which would result in a total offense level of 22. (*Id.* at 2-3.) Finally, defendant asserts that pursuant to the crack cocaine amendments, his offense level should be further reduced by two levels to 20. (*Id.* at 3.) The government argues, however, that because the defendant's offense level was enhanced to a level 32 based on his status as a career offender, the crack cocaine amendments do not apply and defendant's "offense level remains exactly what it was at the time of sentencing." (Gov't Opp'n at 2.)

### III. Legal Standard

#### A. The Crack Cocaine Amendments

Effective November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which modified the Drug Quantity Table set forth in Guideline § 2D1.1(c) and implemented a two-level reduction of the base offense levels for crack-cocaine offenses. In March 2008, Amendment 713 was enacted and, by its terms, added Amendment 706 to the list of amendments set forth in Guideline § 1B1.109(c) that could be applied retroactively as of March 3, 2008. *See United States v. Martinez*, 572 F.3d 82, 83 n.1 (2d Cir. 2009).

#### B. Modification of a Term of Imprisonment

"A district court may not generally modify a term of imprisonment once it has been imposed." *Martinez*, 572 F.3d at 84 (internal quotation marks omitted) (quoting *Cortorreal v. United States*, 486 F.3d 742, 744 92d Cir. 2007)). However, Section 3582(c)(2) permits the court, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . to

3

reduce the term of imprisonment, after considering the factors set forth in Section 3553(a)." 18 U.S.C. § 3582(c)(2). Accordingly, a sentence reduction pursuant to Section 3582(c)(2) is appropriate only when "(a) the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (b) the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Martinez*, 572 F.3d at 84 (quoting 18 U.S.C. § 3582(c)(2)).

### *IV. Defendant Does not Qualify for a Sentence Reduction*

It is well-settled that the application of the crack cocaine amendments to further reduce a non-guidelines sentence is "inconsistent with the applicable policy statement issued by the Sentencing Commission: 'if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), [and that] a further reduction generally would not be appropriate.'" *United States v. Jackson*, 332 Fed.Appx. 673, 674 (2d Cir. June 9, 2009) (quoting U.S.S.G. § 1B1.10(b)(2)(B)); *see also United States v. Lake*, 673 F. Supp. 2d 109, 110 (E.D.N.Y. 2009) ("[R]eductions in sentences for defendant whose original term of imprisonment constituted a non-guideline sentence are generally not appropriate."); *United States v. Evans*, 2009 WL 2235882, at *3 (D.Conn. July 22, 2009) ("Because Evans's sentence was not based on the crack-cocaine quantity guidelines, and he received a non-Guideline sentence . . . a further reduction would not be permitted under the [crack cocaine amendments]."). Defendant received a non-guideline sentence not based on the crack cocaine guidelines (Tr. at 33-34), and therefore defendant's arguments for a sentence reduction pursuant to 18 U.S.C. § 3582 lack merit.

Defendant's citation to *United States v. McGee*, 553 F.3d 225 (2d Cir. 2005) (*see* Reply at

2) does not require a different result. In that case, the Second Circuit began by acknowledging the well-established principle that a defendant convicted of a crack cocaine offense but sentenced under the career offender guideline set forth in § 4B1.1, is not eligible for a sentence reduction pursuant to Section 3582(c)(2). *See McGee*, 553 F.3d at 227; *see also United States v. Colon*, 2010 WL 4910134, at *2 (2d Cir. Dec. 3, 2010) (holding that a defendant sentenced as a career offender was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); *United States v. Mock*, 612 F.3d 133, 135 (2d Cir. 2010) (same).

In *McGee*, however, the Second Circuit held that a defendant who is designated as a career offender is nonetheless eligible for a sentence reduction pursuant to the crack cocaine amendments when he is "granted a downward departure . . . from the career offender guidelines range down to the crack guidelines range, upon [a] finding that the career offender status overstated defendant's criminal history." *McGee*, 553 F.3d at 226-27. Defendant asserts that *McGee* applies in the present case because the Court purportedly found that "the career offender status and guideline range overstated defendant's criminal history" and because he was sentenced based upon the quantity of cocaine attributable to him. (Reply at 2 .)

The record clearly belies defendant's contentions. Here, unlike in *McGee*, the Court did not depart from the career offender guideline range based upon a finding that the career offender status overstated defendant's criminal history. *Contra McGee*, 553 F.3d at 226-27 (noting that the district court "explicitly stated that it was departing from the career offender sentencing range 'to the level that the defendant would have been in absent the career offender status calculation and consideration'"). Moreover, in contrast to the factual scenario in *McGee*, the Court did not sentence defendant based on the crack-cocaine guidelines or the quantity of drugs attributable to

5

him. Rather, defendant received a non-guidelines sentence as a career offender after the Court weighed the factors set forth in 18 U.S.C. § 3553(a). (Tr. at 33-34.) Thus, defendant was not sentenced "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,'" *Martinez*, 572 F.3d at 84, and he is not eligible for a sentence reduction pursuant to the crack cocaine amendments.

## *CONCLUSION*

For the reasons set forth above, defendant's motion is denied. The Clerk of the Court is respectfully directed to serve defendant with a copy of this Memorandum & Order.

**SO ORDERED.**

Dated:  Central Islip, New York
October 5, 2011

/s/
Denis R. Hurley
United States District Judge